08-4089-cv
Arista Records, Inc. v. Musemeci

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of March, two thousand ten.

PRESENT:
  DENNIS JACOBS,
        *Chief Judge.*
  JOHN M. WALKER, Jr.,
  DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

Arista Records, Inc., *et al.*,

       *Plaintiffs-Appellees*,

       v.                                      08-4089-cv

John Musemeci,

       *Defendant-Appellant*.

_____

FOR APPELLANT:        John Musemeci, *pro se*, Brooklyn, NY.

FOR APPELLEES:        TIMOTHY M. REYNOLDS (Thomas M. Kerr <u>on the brief</u>), Holme Roberts & Owen LLP, Denver, CO.

Appeal from a judgment and orders of the United States District Court for the Eastern District of New York (Trager, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is hereby **DISMISSED.**

Appellant John Musemeci, *pro se*, appeals the district court's April 2004 default judgment; the district court's denial of his Fed. R. Civ. P. 60(b) motion to vacate the court's default judgment; and the district court's denial of his Fed. R. Civ. P. 59(e) motions to reconsider the order denying his Rule 60(b) motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In a civil case where the United States or an officer or agency thereof is not a party, an appellant must file a notice of appeal ("NOA") within thirty days of the entry of the judgment or order from which the appeal is taken. 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1). This is a jurisdictional requirement. Absent a timely filing, we lack jurisdiction and the appeal must be dismissed. *See Bowles v. Russell*, 551 U.S. 205, 206 (2007). However, if a party files a Fed. R. Civ. P. 59 or 60 motion no later than ten

days after the judgment or order is entered, the time period for filing a NOA does not begin to run until the date the district court enters an order disposing of such a motion. *See* Fed. R. App. P. 4(a)(4); *see also* Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(e).

To the extent Musemeci seeks to appeal the district court's April 2004 default judgment, his NOA is untimely. Although a Rule 60(b) motion can toll the time period for filing an NOA as to the underlying judgment, that motion must be filed no later than ten days after the judgment was entered. *See* Fed. R. Civ. P. 4(a)(4)(A)(vi). Musemeci filed his Rule 60(b) motion nearly three years after the district court entered judgment.

To the extent Musemeci seeks to appeal the denial of his Rule 60(b) motion, his NOA is likewise untimely. The district court's order denying his motion was entered on October 25, 2007. Under Fed. R. App. P. 4(a)(1), Musemeci had thirty days from that date to file an NOA, which he failed to do. Instead, Musemeci filed a motion for reconsideration of the district court's order, which was denied on December 11, 2007. Even if Musemeci's motion for reconsideration tolled the time period for filing an NOA as to the district court's October 2007 order, *see* Fed. R. App.

3

P. 4(a)(4)(A), he was required to file an NOA within thirty days of December 11, 2007. Musemeci failed to file his NOA until June 2008; so his NOA was untimely filed as to the order denying his Rule 60(b) motion, and his subsequent motions for reconsideration did not toll this time period any further. *See Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996). We therefore lack jurisdiction to consider the appeal.

For the foregoing reasons, this appeal is **DISMISSED**.


                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

4